UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

Mymon Realty Inc.

                Debtor.

---------------------------------------------------------x

Chapter 11

Case No. 10-12488(MG)

**CONSENT ORDER RESOLVING (1) DEBTOR'S MOTION TO APPROVE USE OF CASH COLLATERAL AND AUTHORITY TO BORROW FUNDS ON A SENIOR SECURED BASIS; AND (2) MOTION OF CSMC 2007-C3 CANAL STREET, LLC FOR DISMISSAL, OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

Upon the motion of Mymon Realty Inc., debtor and debtor-in-possession (the "Debtor") to Approve the Use of Cash Collateral and Authority to Borrow Funds on a Senior Secured Basis [Docket No. 2] (the "Financing Motion") and the motion of CSMC 2007-C3 Canal Street, LLC ("CSMC") For Dismissal, or in the Alternative, For Relief From the Automatic Stay [Docket No. 8] (the "Dismissal Motion"); and an initial hearing (the "Hearing") to consider the relief requested in the Financing Motion and the Dismissal Motion having been had before me on June 24, 2010 and having been thereafter adjourned; and sufficient notice of the relief sought in the Financing Motion and the Dismissal Motion having been given; and it appearing that the relief set forth below is just and proper; and the relief set forth below having been consented to by the Debtor, CSMC and Canal Music Audio Inc. d/b/a Uncle Steve's Car Stereo ("CMAI"); and sufficient cause appearing therefore and due consideration having been given; it is hereby

**ORDERED**, that the Financing Motion and the Dismissal Motion are resolved as follows:

    1.    The Financing Motion is hereby deemed withdrawn based upon the agreements set forth herein.

2. The Dismissal Motion is hereby granted to the extent set forth below and based upon the agreements set forth herein.

3. The above-captioned chapter 11 case (the "Chapter 11 Case") shall be dismissed with prejudice for one year unless all of the following conditions occur:

   a. The Plan. On or before November 30, 2010, the Debtor shall file a plan of reorganization and accompanying disclosure statement, reasonably acceptable in form and substance to CSMC (the "Plan"), which contains the following material terms and conditions:

      i. The Plan will provide for the sale of the Debtor's real property and improvements located at 334 Canal Street (the "Property") pursuant to 11 U.S.C. §§ 363(b) and (f) and 1123(a)(5) at an auction to be held no later than February 14, 2011 (the "Auction") with a closing no later than March 14, 2011. The Debtor shall retain a broker selected by CSMC to market the Property (the "Broker"). The Auction shall be held in furtherance of the confirmation of the Plan so as to preserve the opportunity to obtain transfer tax exemptions under 11 U.S.C. § 1146(a). These deadlines shall be without prejudice to any extension that the Debtor and CSMC may hereafter mutually agree to in writing;

      ii. CSMC shall be permitted to credit bid the full amount of its secured claim which is hereby deemed allowed as of confirmation and which, as of October 1, 2010, totaled $12,584,279.98 and which continues to accrue interest at the interest rate of 10.7% per annum; and

iii. The Plan shall provide mutual general releases of any and all claims of whatever kind or character arising prior to confirmation that the Debtor, CMAI, Oded Adri, CSMC, and LNR Partners, LLC, a Florida limited liability company, successor by statutory conversion to LNR Partners, Inc., a Florida Corporation, relating to any of the facts described or alleged in the Financing Motion, Dismissal Motion, or adversary complaint filed by the Debtor, No. 10-0328 (the "Adversary Proceeding"), including but not limited to failures by CMAI to make rental payments, failures by the Debtor to make mortgage payments and failures by Mr. Adri to make payments on account of any guarantee obligations that he may have made on behalf of the Debtor or CMAI (collectively, the "Releases" and each a "Release"). CSMC shall provide the Release to the Debtor, CMAI, and Oded Adri as successor on behalf of all prior lenders, trustees and servicers, including Wells Fargo Bank, N.A., Bank of America, as trustee for the registered holder of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C3, Wells Fargo Bank, N.A., as trustee for the registered holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 20070C3 and Column Financial, Inc. (collectively, the "Prior Parties"). The Plan shall further provide for the Releases of the Prior Parties by the Debtor, Oded Adri and CMAI.

iv. The Releases of the Debtor and Oded Adri shall take effect upon the confirmation of the Plan and transfer of the Property to CSMC or to the

highest bidder at the Auction (the "Closing") provided that CMAI has timely made all payments totaling $85,000 into the Confirmation Fund (defined hereafter) as provided herein.

    v. The Plan shall provide for CSMC to retain the full amount of the Capex Reserve [(as that term is defined in the Dismissal Motion)].

    vi. The Plan shall provide that the Debtor's administrative expenses, including any fees, expenses and other amounts owed to its counsel, Goldberg Weprin Finkel Goldstein LLP, as approved by the Bankruptcy Court, are to be paid with the Confirmation Fund (defined below) with the balance thereof to be distributed on pro rata basis to all allowed unsecured claims (excluding CSMC or Oded Adri), with CSMC waiving any and all deficiency claims in the event the Property is sold for less than the Allowed Amount of CSMC's secured claim, by credit bid or otherwise.

    vii. The Confirmation Fund shall mean a fund held by Debtor's counsel in an amount of $85,000. CMAI shall provide all funds of $85,000 to the Confirmation Fund as follows: (1) within five (5) business days of the date of entry of this Order, CMAI shall transfer to Debtor's counsel the amount of $25,000 and; (2) CMAI shall thereafter fund the balance of the Confirmation Fund from the first $60,000 in rents due as set forth below. The Confirmation Fund shall be maintained in a separate interest bearing account by the Debtor's counsel.

    viii. Upon Confirmation of the Plan, the Adversary Proceeding shall be discontinued with prejudice.

ix. Following confirmation of the Plan and the closing on the Property, and subject to the Releases, the Reorganized Debtor shall retain all other claims belonging to the Debtor or the Debtor's estate arising pre-petition, free and clear of all other claims, taxes and encumbrances.

b. <u>Commercial Tenant</u>.  CMAI, which currently occupies the commercial space at the Property (the "<u>Commercial Space</u>"), shall continue to occupy the Commercial Space as a tenant for the period of no longer than the earlier of June, 2011 or six (6) months following confirmation of a Plan (the "<u>Term</u>") subject to a right of Early Termination (defined below) and shall, beginning as of August 15, 2010 pay monthly rent at a reduced rate of $18,000 per month, as follows:

  i. Provided CMAI timely pays over the sum of $85,000 into the Confirmation Fund, CMAI shall be permitted to vacate the Commercial Space on 30 days' notice and CMAI's obligations to pay any further rent and taxes shall thereafter terminate (an "<u>Early Termination</u>"); and

  ii. The Plan shall provide that upon Early Termination or at the end of the Term, provided CMAI has timely paid all rent and timely performed all of its obligations provided for hereunder, CSMC as successor on behalf of all prior lenders, trustees and servicers and all other Released Parties shall provide a release to CMAI forgiving all previously unpaid rent otherwise due in connection with CMAI's pre- and post-petition occupancy of the Commercial Space.

  iii. CMAI, within three (3) business days of the date of entry of this Order, shall execute and deliver to CSMC a warrant of eviction acceptable in

form to CSMC, which shall be held in escrow by CSMC's counsel to be released to CSMC if CMAI defaults on its obligations to timely pay rent or fund the Confirmation Fund as set forth herein after five (5) days' written notice with an opportunity to cure.

    iv. The Debtor shall be responsible for unpaid post-petition real estate taxes, if any, for the period that the Debtor remains in actual possession of the Property until the time of closing on a *pro rata* basis. Real estate tax payments accruing after January 1, 2011 shall be funded by the Debtor first from rent collections received from CMAI on or after January 1, 2011 to the extent that CMAI remains in possession of the Property.

  c. <u>Confirmation Order</u>. The Debtor shall obtain an order confirming the Plan by no later than January 31, 2011. This date may be extended so long as CSMC agrees to such extension;

  d. <u>CSMC Access to Property</u>. At all times following the date of entry of this Order, the Debtor and CMAI shall grant CSMC and its agents full access to the Property and shall provide a set of keys to the Broker. To the extent reasonably practicable, CSMC and/or its agents shall provide the Debtor with notice of any entry onto the Property.

4. In the event that all of the foregoing conditions do not occur, counsel to CSMC shall file a statement with the Court indicating such failure, on five business days notice to counsel to the Debtor and the Office of the United States Trustee, and the Court shall enter a further order dismissing this Chapter 11 Case.

Dated: New York, New York
November 29, 2010

  /s/Martin Glenn_____
HON. MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

CONSENTED TO:

November 15, 2010

| MYMON REALTY INC. | CANAL MUSIC AUDIO INC. d/b/a UNCLE STEVE'S CAR STEREO |
|---|---|
| By: /s/ Oded Adri<br>Name: Oded Adri<br>Title: President | By: /s/ Alon Adri<br>Name: Alon Adri<br>Title: President |

/s/ Oded Adri
ODED ADRI

| GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP<br>Attorneys for Mymon Realty Inc.<br>1501 Broadway<br>New York, New York 10036<br>212-221-5700 | HERRICK FEINSTEIN LLP<br>Attorneys for CSMC<br>Two Park Avenue<br>New York, New York 10016<br>212-592-1400 |
|---|---|
| By: /s/ Kevin J. Nash<br>KEVIN J. NASH, ESQ. | By: /s/ Frederick E. Schmidt<br>FREDERICK E. SCHMIDT, ESQ. |

7